UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61383-CIV-DAMIAN

MICHAEL STEVEN MARTINEZ CASTILLO,

      Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL
CENTER, *et al.*,

      Respondents.

_____/

### ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before the Court on Petitioner, Michael Steven Martinez Castillo's ("Petitioner"), Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") [ECF No. 1], filed on May 8, 2026, and Respondents' Response to Order to Show Cause [ECF No. 10], filed on May 19, 2026.

THE COURT has reviewed the Petition, the Response, and the record in this case and is otherwise fully advised. Petitioner asserts a due process challenge to his arrest and detention by immigration officials alleging, in relevant part, that his continued custody is unlawful, arbitrary, and contrary to the United States Constitution. Petitioner requests release from immigration detention and that Respondents afford him a bond hearing. *See generally* Pet. In the Response, Respondents state that in light of the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden, FDC Miami*, No. 25-14065, __ F.4th __, 2026 WL 1243395 (11th Cir. May 6, 2026), they do not oppose Petitioner's request for a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). *See* Resp. at 3.

A writ of habeas corpus may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Because, based on *Hernandez Alvarez,* Petitioner is detained under § 1226, and based on the Government's non-opposition, Petitioner is entitled to an individualized bond hearing before an immigration judge. *See Hernandez Alvarez*, 2026 WL 1243395, at *1–2.

Accordingly, based on the foregoing, and noting that Respondents do not oppose the relief requested in the Petition, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the Immigration Court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **June 1, 2026**. It is further

**ORDERED** that on or before **June 8, 2026**, the Parties shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

The Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court. All pending motions, if any, are **DENIED AS MOOT**.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 20th day of May, 2026.

_____

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**